ACCEPTED
03-14-00288-CR
3617278
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/30/2014 2:18:31 PM
JEFFREY D. KYLE
CLERK

CAUSE NO.
03-14-00288-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/30/2014 2:18:31 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE
# THIRD DISTRICT OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Ex parte BRIAN STANLEY GRANADOS, Appellant
v.
## STATE OF TEXAS, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Appeal From the 22nd Judicial District Court
## Cause No. CR-11-0311-A
## Hays County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
## STATE'S BRIEF
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Angie D. Roberts-Huckaby**
**Asst. Criminal District Attorney**
**Hays County Justice Center**
**712 South Stagecoach Trail, Ste. 2057**
**San Marcos, Texas, 78666**
**512-393-7600**
**Angie.roberts@co.hays.tx.us**
**State Bar No. 24081797**
**Attorney for the State of Texas**

**Oral Argument Not Requested**

# NAMES OF PARTIES

Appellant:                        Brian Stanley Granados

Attorneys for               Sherri K. Tibbe, Criminal District Attorney
the State:                  Hays County Government Center
712 South Stagecoach Trail, Ste. 2057
San Marcos, Texas 78666

At trial:                      John Couch, ADA

On appeal:                 Angie D. Roberts-Huckaby, ADA

Attorneys for
Appellant:

At trial:                      Leonard Martinez
812 San Antonio, Suite 104
Austin, Texas 78701

On appeal:                 Leonard Martinez
812 San Antonio, Suite 104
Austin, Texas 78701

Trial Judge                 Hon. Jack Robison

i

# TABLE OF CONTENTS

NAMES OF PARTIES ............................................................................................. i

TABLE OF CONTENTS ....................................................................................... ii

TABLE OF AUTHORITIES ................................................................................. iii

ISSUES PRESENTED ........................................................................................... 1

STATEMENT OF THE CASE ............................................................................... 1

STATEMENT OF FACTS ..................................................................................... 3

    I.    To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proof that the facts entitle him to relief and the trial court, as the fact-finder, is the exclusive judge of witness credibility. ................................. 3

CONCLUSION & PRAYER .................................................................................. 6

CERTIFICATE OF SERVICE .............................................................................. 7

CERTIFICATE OF COMPLIANCE ..................................................................... 7

APPENDIX A ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Federal Cases**

*Strickland v. Washington,* 466 U.S. 668 (1984). ........................................................ 7

**State Cases**

*State v. Guerrero,* 400 S.W.3d 576 (Tex. Crim. App. 2013)..................................... 7

**State Statutes**

Tex. R. Civ. P. 1.02 (a)(3)........................................................................................ 9

## ISSUES PRESENTED

To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proof that the facts entitle him to relief; the trial court, as the fact-finder, is the exclusive judge of witness credibility. Here, Granados himself gave the sole testimony supporting his claim of ineffective assistance of counsel and failed to call trial counsel to testify. Did the trial court abuse its discretion by denying the post-conviction writ of habeas corpus when the trial court is the exclusive judge of credibility?

## STATEMENT OF THE CASE

Brian Stanley Granados ("Granados") was indicted for the offense of Possession of Marijuana–fifty pounds or less but more than five pounds, a third degree felony, on April 14, 2011.[1] Granados signed a plea bargain agreement that probated two years of confinement in TDCJ to five years of community supervision, a fine and fees, treatment and counseling, and 200 hours of

---

[1] (CR 4).

1

community service restitution.[2] On September 29, 2011, Granados waived his right to appeal as part of the plea bargain agreement.[3] Granados was convicted and sentenced to the terms set forth in the plea bargain agreement.[4] On October 11, 2012, the State filed a Motion to Revoke Community Supervision and Impose Sentence against Granados for violating the terms and conditions of his community supervision.[5]

Granados filed for Writ of Habeas Corpus on January 7, 2014 and the State responded on March 11, 2014.[6] The court recommended denying the writ on March 13, 2014.[7] On April 23, 2014, Granados filed a Notice of Appeal.[8] The Texas Court of Appeals, Third District, at Austin handed down an order and memorandum opinion regarding Granados's appeal and the appeal was abated.[9] The State filed Proposed Findings of Fact and Conclusions of Law, which the trial court adopted on May 27, 2014, denying the application for Writ of Habeas Corpus.[10]

---

[2] (CR 5).
[3] (CR 12).
[4] (CR 13–14).
[5] (CR 15–17).
[6] (CR 18–27).
[7] (CR 39).
[8] (CR 43).
[9] (CR 49–50).
[10] (CR 59–63).

## STATEMENT OF FACTS

During the period of said community supervision, Granados violated the terms and conditions of his community supervision by testing positive for marijuana twice, failing to report to his supervision officer twice, and failing to complete other terms and conditions.[11] The State filed a Motion to Revoke Community Supervision and Impose Sentence as a result of the failed terms and conditions.[12] Granados filed a Writ of Habeas Corpus, alleging that his plea was not entered knowingly, intelligently, and voluntarily as a result of the ineffective assistance of counsel.[13]

I.  **To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proof that the facts entitle him to relief and the trial court, as the fact-finder, is the exclusive judge of witness credibility.**

Granados attacks the validity of his prior guilty plea as reflected in the written judgment claiming ineffective assistance of counsel;[14] however, he cannot overcome the presumption that the plea recitals written in the judgment are

---

[11] (CR 15–17).
[12] (CR 15–17).
[13] (CR 18).
[14] Granados did not overcome the strong presumption that, "trial counsel's actions fell within [a] wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). He simply did not show sufficient evidence that trial counsel's performance was defective. He did not prove the two-step *Strickland* test. The test requires a two-step analysis: 1) Did the attorney's representation fall below an objective standard of reasonableness under prevailing professional norms? 2) If so, is there a reasonable probability that, but for counsel's unprofessional errors, the result would have been different?

correct.[15] Written recitals "are binding in the absence of direct proof of their falsity."[15]

In an Article 11.072 habeas proceeding, the trial judge is the sole finder of fact.[16] Appellate courts afford almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor.[17]

At the writ hearing, the only witness called was Granados. The only evidence presented supporting his allegation was his own testimony. Trial counsel's affidavit discredits his allegations.[18] Trial counsel had lengthy and extensive conversations with Granados regarding the case.[19] The court has the discretion to believe or disbelieve Granados's testimony; therefore, it was within the court's discretion to not believe his testimony and base its ruling that trial counsel was not ineffective on the affidavit submitted by trial counsel.

Granados also complains that trial counsel did not: conduct a proper and independent investigation, challenge the evidence in the case, or provide meaningful plea negotiations based on the lack of evidence supporting Granados's

---

[15] *State v. Guerrero*, 400 S.W.3d 576, 583-84 (Tex. Crim. App. 2013).
[16] *Id.*
[17] *Id.*
[18] (CR 32-34).
[19] (CR 32-34).

4

guilt. It is true; trial counsel does have an obligation to conduct an investigation, *or to make a reasonable decision that makes the particular investigations unnecessary.*[20] Here, Granados did not offer trial counsel "any innocent explanation for where the money or money bag came from, nor did he ever suggest that there was a legitimate reason for him to have the money or the money bag with him."[21] Rather, he explained to trial counsel that additional felony charges filed against Granados in Travis County had a major influence on his decision to enter into a plea agreement, even after lengthy conversations and informing him of his rights.[22]

Therefore, trial counsel was obligated to abide by Granados's decision to enter a plea, after reviewing discovery and advising him on the case.[23] Moreover, trial counsel's strategic choices, if made after a less than complete investigation of the law and facts are reasonable on a claim of ineffective assistance because reasonable professional judgments support limitations on the investigation due to

---

[20] *Strickland,* 466 U.S. at 691.

[21] (CR 33); *See Hays County Narcotic's Task Force Report of Investigation,* Appendix A. Interestingly, Granados claims that a serious mistake in the trial counsel's affidavit was to say that Granados was in possession of a money bag and that scales were in plain view; however, both assertions are clearly in the police report, which is not part of the appellate record. The money is reported as being in a "money bag" in his pocket and the scales are reported as clearly in plain view in the police report.

[22] (CR 33).

[23] Tex. R. Civ. P. 1.02 (a)(3) (stating that "a lawyer shall abide by a client's decisions . . . [i]n a criminal case, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and client will whether the testify.").

5

Granados's choice to enter into the plea bargain.[24] The trial court's ruling should be affirmed.

## CONCLUSION & PRAYER

Wherefore, premises considered, the State respectfully prays that the Court overrule Appellant's issues, AFFIRM the trial court, and grant the State all relief to which it is justly entitled.

Respectfully submitted,

By: _____
Angie D. Roberts-Huckaby
Asst. Criminal District Attorney
State Bar No. 24081797
Hays County Government Center
712 South Stagecoach Trail
Angie.roberts@co.hays.tx.us
San Marcos, Texas, 78666
Telephone: 512-393-7600
Facsimile: 512-393-2246
**Counsel for the State of Texas**

---

[24] *Strickland,* 466 U.S. at 690–91.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on by e-mail to Leonard Martinez at <u>Martinez.leonard@sbcglobal.net</u> in accordance with Rule 9.2 & 9.5 of the Texas Rules on Appellate Procedure, on this 30th day of December, 2014.

Angie D. Roberts-Huckaby


## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Rule 9.4 (i) (2) (B) and rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure that the instant brief is computer-generated using Microsoft Word for Mac and said computer program has identified that there are no more than 1,581 words within the portions of this brief required to be counted by Rule 9.4 (i) (1) & (2) of the Texas Rules of Appellate Procedure.

Angie D. Roberts-Huckaby

# Appendix A

# HAYS COUNTY NARCOTICS TASK FORCE
## REPORT OF INVESTIGATION
## BY: Det. Ronnie Verette

| File Number: TF11-034-1 | Case Title: |
|---|---|
| Date Prepared: 03-03-11 | 113 Crest Hill Causeway |
| Related Files (Agency): | Kyle, TX, 78640 |
| | |
| Other Officers: Sgt. Bartsch, Det. Cormier, Det. Mallow, Det. Taylor | |

**Report Regarding: Search Warrant Executed 02-22-11, 113 Crest Hill Causeway, Kyle**

## SYNOPSIS:

On 02-22-11, members of the Hays County Narcotics Task Force executed a court authorized search and arrest warrant at 113 Crest Hill Causeway, Kyle, Hays County, TX. The investigation began with an anonymous tip of bundles of marihuana being unloaded into the residence, and ended with the execution of a search warrant and the seizure of approximately 15.3 pounds of marihuana. 5 persons in the residence were arrested, charged with Possession of Marihuana over 5lbs a 3rd degree felony.

## DETAILS:

On 02-22-2011 Detective Verette, via Sgt. Bartsch, received an anonymous tip from a concerned citizen who advised that bundles of marihuana were being unloaded at a house in the green pastures neighborhood. The concerned citizen, herein referred to as CC wished to remain anonymous for reasons of personal safety. CC advised that he / she had observed large bags of marihuana being carried into the home.

Detective Verette along with other members of the Hays County Narcotics Task Force traveled to the location provided by CC. CC had described the suspect location and vehicles in the driveway. Detective Verette notes that the description of the home and the vehicles described by CC, matched personal observations of Detective Verette and other members of HCNTF.

Detective Verette along with Jayson Cormier knocked at the front door of the home. Detective Verette was advised by Detective Jayson Cormier, a member of the HCNTF and San Marcos Police Detective that the odor of fresh marihuana was detectable before the front door was opened. Bertin Castillo opened the door and stepped out onto the front porch leaving the door open. Detective Verette observed the front of Castillo's shirt to be covered in small pieces of marihuana.

Detective Verette identified himself by displaying his Sheriff's Office issued badge and announcing his name and title as detective. Castillo attempted to re-enter the front door and close the door behind him. Detective Cormier and Detective Verette stepped forward, blocked the door, and directed Castillo to stop so they could place him under arrest, but Castillo continued. Both Detective Cormier and Detective Verette entered the living

| Detective Signature: | Date: 03-03-2011 |
|---|---|
| Approving Signature: | Date: 3-15-11 |

room to apprehend Castillo. If not immediately apprehended, Detective Verette believed that Castillo would escape and destroy evidence.

Detective Verette entered the living room, apprehended Castillo and observed a large black trash bag lying on the floor. The bag was half open and large bundles of marihuana were visible in plain view. Detective Verette called out for other persons in the home to come to the living room. Two persons were located on the couch in the living room and two others were inside of a laundry room on the left side of the home in close proximity to other marihuana in plain view.

Detective Verette determined that Bertin Castillo was the home owner. Verette asked Castillo for consent to search the home. Castillo advised "whatever, do what you are going to do". Castillo would not give a straight yes or no answer. Detective Verette determined consent was not being given. Detective Verette observed the marihuana in plain view and left the scene to submit an affidavit for search and arrest warrant to Judge Robert Updegrove CCL-1.

Detective Verette submitted the affidavit to Judge Updegrove, and received a search and arrest warrant at approximately 1528 hours. Verette telephoned Sgt. Bartsch, who was still on scene, to advise that a warrant had been issued. Bertin Castillo 08-29-92, Emilio Gomez 11-30-89, Brian Granadoa 08-27-89, Laurentina Garcia 02-21-91, and Esmeralda Vallejo 09-01-92, were arrested and transported to the Hays County Jail, charged with possession of marihuana over 5lbs.

The marihuana that was in plain view was located in a large black trash bag lying half open on the floor between the living room and dining room. This bag had a total of 3Lbs of marihuana in one pound bags. A second large trash bag was lying unopened on the floor next to it, and when searched his bag contained two large bundles of compressed marihuana wrapped in plastic. Each bundle weighed 5Lbs for a total of 10Lbs in the second bag. Also in plain view were two digital scales with marihuana residue on top. They were located on a small table in the dining room. One ounce of marihuana was in plain view in the laundry room where Granados and Gomez were hiding when Detective Verette called them out to the living room.

After the search warrant was signed, an additional 2.27 pounds of marihuana were seized from the cabinets in the dining room. A third digital scale was also located in the cabinets of the dining room. $800.00 of U.S. Currency was seized from the rear pocket of Brian Granados. He had the money inside of a money bag. The money was seized for forfeiture as drug proceeds.

Photographs were taken of the residence and the evidence as it was located, by Detective Laray Taylor. Detective Verette gathered the evidence and transported it back to the San Marcos Police Dept. for processing. It was placed into a safe in the narcotics offices until being weighed and logged into evidence.

On 03-02-11, Detective Verette submitted an affidavit for seizure to David Mendoza of the Hays County District Attorney's Office. David Mendoza took possession of the $800.00 U. S. Currency. A copy of the affidavit is submitted with this report.

## SUSPECT(S):

Castillo, Bertin Yoshio
W/M 08-29-92

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
508-135
Blk-Bro

Gomez, Emilo
W/M 11-30-89
TX-07182223
510-200
Blk-Bro

Granados, Brian
Granadoa, Brian
W/M 08-27-89
TX-62684691
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
510-180
Blk-Bro

Garcia, Laurentina
W/F 01-21-91
TX-28724453
503-120
Blk-Bro

Vallejo, Esmeralda Yaneli
W/F 09-01-92
501-115
Blk-Bro

## DESCIPTION AND CUSTODY OF EVIDENCE:

| Item# | Description of Item | Location Item Found |
|---|---|---|
| #1 | black plastic bag w 2 bundles of marihuana 10Lbs | living room / dining room |
| #2 | black plastic bag w 3 bags of marihuana 3Lbs | dining room |
| #3 | 2 digital scales w marihuana residue | dining room on small table |
| #4 | .4grams marihuana in sandwich bag | dining room on top of digital scale |
| #5 | 3 bags of marihuana 243grams | dining room inside top cabinet |
| #6 | 1 bag of marihuana 333 grams | dining room inside top cabinet |
| #7 | 1 bag marihuana 110 grams | dining room inside bottom cabinet |
| #8 | 1 bag marihuana 335 grams | dining room bottom cabinet in plastic tub and zip loc bag |
| #9 | $800.00 U.S. Currency | money bag in rear pocket Brian Granados |
| #10 | digital scale | dining room table bottom cabinet |
| #11 | marihuana 28 grams | laundry room on top shelf |
| #12 | aff link Emma Ramos | dining room bar |
| #13 | aff link Bertin Castillo | BR#1 floor |

#14    aff link Bertin Yoshio Castillo Nakamura          BR#1 closet shelf